**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GLENDA BOSWELL, INDIVIDUALLY**
**AND ON BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED**                                                     **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:23-cv-151-CWR-LGI**

**ST. DOMINIC HEALTH SERVICES, INC., and**
**FRANCISCAN MISSIONARIES OF OUR LADY**
**HEALTH SYSTEM, INC.**                                      **DEFENDANTS**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

**COMES NOW,** the Plaintiff, Glenda Boswell, by and through undersigned Counsel, pursuant to the Federal Rules of Civil Procedure, and brings this action against St. Dominic Health Services, Inc., and Franciscan Missionaries of Our Lady Health System, Inc., seeking all available relief including compensation, liquidated damages, attorneys fees, court costs, pre-judgment and post-judgment interest, and other damages allowed by law, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* against the Defendants for their unlawful actions. Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and experience, and are made upon information and belief as to the acts of others.

## OVERVIEW

1. This lawsuit is brought to recover unpaid wages, including unpaid overtime wages, non-discretionary bonuses, liquidated damages, and any/all other applicable damages and penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Plaintiff and the Putative FLSA Collective Members are those similarly situated persons who worked for the Defendants anywhere in the United States, at any time during the

relevant statute of limitations through the final disposition of this matter, who were not paid accurate compensation by the Defendants in violation of the FLSA.

3. Plaintiff and the Putative FLSA Collective Members were not paid accurate standard and/or overtime wages, and/or non-discretionary bonuses, despite the fact that Plaintiff and the Putative Class Members routinely worked (and continue to work) at or in excess of forty (40) hours per workweek, or in the Plaintiff's case, at or in excess of the requisite hours of an "8 and 80" system available for eligible healthcare workers.

4. The acts and/or omissions of Defendants in failing to accurately pay compensation to the Plaintiff and the Putative FLSA Collective Members were neither reasonable nor done in good faith.

5. Defendants knowingly and deliberately failed to compensate the Plaintiff and the Putative FLSA Collective Members accurate compensation in violation of the FLSA.

6. Plaintiff and the Putative FLSA Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Putative FLSA Collective Members therefore seek to recover all unpaid wages, overtime, bonuses, liquidated damages, and all other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## PARTIES

9. Plaintiff Glenda Boswell is an adult resident citizen of the State of Mississippi, currently living in Brandon, Rankin County, Mississippi. Plaintiff worked for the Defendants within all relevant times of the allegations of this lawsuit.

10. The Putative FLSA Collective Members are those current and former employees who worked for either and/or both of the Defendants anywhere in the United States, at any time since the onset of the Kronos ransomware attack, on or about December 11th, 2021, through the final disposition of this matter.

11. Defendant St. Dominic Health Services, Inc. is a domestic corporate entity, licensed to do business and doing business in the State of Mississippi, and may be served through its registered agent for service of process, Jonathan Werne at 969 Lakeland Drive, Jackson, Mississippi 39216.

12. Defendant Franciscan Missionaries of Our Lady Health System, Inc. is a foreign corporate entity, licensed to do business and doing business in the State of Mississippi, incorporated in the State of Louisiana, with its principal place of business in Baton Rouge, Louisiana, and may be served through its registered agent for service of process, Jolee Hancock Bollinger at 4200 Essen Lane, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. §§ 201, et seq.

14. This Court has personal jurisdiction over the Defendants because the cause of action arose within this District as a direct result of the Defendants' conduct within this District and Division.

15. Specifically, St. Dominic's Hospital, which is owned and operated by the Defendants, is located within this District and Division, and was the place of employ of the named Plaintiff, Glenda Boswell, as well as other Putative Collective Members during all relevant times of the alleged events and/or omissions giving rise to the claims made in this Complaint.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

*A. Defendants' Conduct After the Kronos Ransomware Attack*

17. At all relevant times in this lawsuit, Defendants utilized a workforce and payroll management software known as Kronos. Kronos was developed by one of the largest human resources companies in the country (Kronos, Inc.) and was used widely around the United States by various large businesses and governments to track employees' hours and issue pay.

18. Around December, 2021, Kronos was subject to a ransomware attack that disabled the functionality of its payroll software for hundreds of companies, including the Defendants.[1]

19. As a result, the Defendants experienced problems in timekeeping, payroll, and other workforce issues throughout their organization, including at St. Dominic Hospital where the Plaintiff worked.

20. Subsequent to the ransomware attack, many of the workers employed by the Defendants were not paid for all hours worked and/or were not paid their proper overtime premiums or non-discretionary bonuses in a timely manner, if at all.

21. Glenda Boswell, a career nurse working at St. Dominic Hospital in Jackson, Mississippi, was one of those workers affected.

---

[1] See Dec. 16th, 2021 NPR News "Kronos hack will likely affect how employers issue paychecks and track hours" https://www.npr.org/2021/12/14/1064247651/kronos-hack-paychecks
See also, Jan. 15th, 2022 NPR News "Hackers disrupt payroll for thousands of employers – including hospitals" https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits

22. The Defendants, who operate a sophisticated multi-state, multi-hospital healthcare system that earns hundreds of millions of dollars annually in total revenue, had both the financial and the organizational resources to weather the fallout from the Kronos ransomware attack, and to ensure that workers were timely and accurately paid despite a disruption in their payroll software.

23. Unfortunately, the Defendants did no such thing.

24. Instead, after the Kronos incident, the Plaintiff and other workers missed entire paychecks and/or received inaccurate paychecks that were non-representative of the actual hours they had worked, including overtime hours and bonuses. Complaints and concerns, even about the accuracy of compensation, were treated dismissively or seemingly ignored. The Defendants provided little to no information about what of their personal information and data may have been obtained by the hackers behind the ransomware attack.

25. On or about January 25th, 2022, over a month after the Kronos hack, Frank Lenior, Regional "Chief People Officer" for Franciscan Missionaries sent out the following email to Defendants' workers:

> As you well know, St. Dominic's has experienced some unanticipated compensation events impacting recent payroll cycles as a result of the implementation of Oracle and a new version of Kronos.
>
> Among these is an issue regarding 8 and 80. This one is very complex, and we are working to implement changes that will allow us to issue retroactive pay owed as soon as possible. We will communicate a more specific timeline as soon as it is known. While we do not yet have a specific timeline for resolution, we are committed to keeping you better informed as we work through these various challenges. Thank you for your understanding, patience and feedback.
>
> Sincerely,
>
> Frank Lenior | VP, Regional Chief People Officer
> Franciscan Missionaries of Our Lady Health System

26. To-date, just some of the "unanticipated compensation events" which the Plaintiff has experienced include (1) missing a paycheck, (2) receiving paychecks which do not accurately reflect hours worked including overtime, (3) receiving paychecks which do not accurately reflect shift-differential, education differential, critical care differential, call-pay, and other healthcare specific bonus payments owed to certain workers based on their qualifications and specific work efforts, (4) receiving paychecks with inaccurate tax withholdings.

27. On or about March 3rd, 2022, almost three months after the Kronos hac, Chief People Officer Frank Lenior sent another "8/80 Update" email, stating that the Payroll and Compensation Teams were continuing to work on internal adjustments to process overtime pay corrections for 8/80 workers. The email stated that "any retroactively owed amounts will be included with your March 4 paycheck," and "adjuster amounts for each previous pay period will be reflected as separate line items on your payslip…"

28. Plaintiff Glenda Boswell is one of these "8 and 80" workers, a designation under the FLSA specifically for healthcare workers, such as nurses, who are routinely called upon to work more than eight (8) hours per day in service of their obligations towards their patients. She is also one of the workers entitled to non-discretionary differential bonus payments, designed to additionally compensate eligible healthcare workers for various tasks and qualifications (such as meeting educational thresholds, working certain shifts, working "on-call," and otherwise exceeding the general call of duty in caring for their patients). These "diff bonus," and "8 and 80" systems have existed long before hospitals were using cloud-based payroll software to track hours and pay healthcare workers. On the most basic level, the only information that the Defendants needed in order to accurately compensate their workers under these systems was (1) a worker's hourly wage, (2) the number of hours a worker performed, (3) a worker's eligibility for overtime

and non-discretionary bonuses. Yet, for months after the Kronos system went down, the Defendants failed to pay their workers accurate, timely wages. After a significant delay, the Defendants have attempted to pay back some of the back-owed wages to certain workers. However, to-date, the Plaintiff and others have still not received their full and accurate compensation for work performed since the Kronos hack.

29. By the end of August 2022, the Plaintiff's Nurse Manager wrote to the Defendants about payment inaccuracies, stating that "the numbers really do not add up… the pay stub is so convoluted and confusing that it makes employees either question everything or give up all together… I don't want to lose a hard working employee over this but I'm afraid this is what is going to happen… We all deserve better than this." A second email from Plaintiff's Nurse Manager stated that the Plaintiff's "pay checks do not add up and this is a labor law issue. I personally looked at a couple of her pay stubs and got out my calculator and she is right; we are in the wrong. Her overtime does not add up. Not only is her Critical Care and BSN diff not being added to the overtime hours, but she also isn't even getting time and a half on her base pay. This has been ongoing since the [sic] Jan 2022, and no one has fixed this problem."

30. Plaintiff still has not received complete and accurate compensation, including standard pay, overtime, and non-discretionary bonuses.

31. Upon information and belief, Plaintiff's experience is representative of the experience of many other nurses and hospital staff at St. Dominic Hospital. Upon information and belief, Plaintiff's experience is representative of workers throughout the Franciscan Missionaries of Our Lady Health System network.

### B. *Defendants Status as Joint Employers*

32. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Defendants have common ownership, oversight, and control over St. Dominic's Hospital where the named Plaintiff, Glenda Boswell, (and other Putative Collective Members) worked during all times relevant to this lawsuit.

33. Specifically, St. Dominic Health Services, Inc., is the parent company for a large group of subsidiary organizations generally providing healthcare related services, including the direct provision of health and medical services at St. Dominic Hospital in Jackson, Mississippi. In 2019, St. Dominic entered into an agreement with Louisiana-based Franciscan Missionaries of Our Lady, wherein St. Dominic Health Services became sponsored and effectively owned by Franciscan Missionaries. Franciscan Missionaries operates one of the largest health systems in the State of Louisiana through a network of hospitals, clinics, and other ancillary businesses.

34. Plaintiff and other FLSA Class Members received instruction from both Defendants on the larger healthcare practice goals of Franciscan Missionaries and St. Dominic. Both Defendants dictate varying levels of the tactical items which need to be accomplished to meet goals of both Franciscan Missionaries and St. Dominic in providing healthcare services to the Defendants' patients and other clients.

35. The Defendants jointly handle key internal processes affecting the Plaintiff and other FLSA Class Members, including processes related to financials, scheduling, compensation, and payroll, and the Plaintiff and FLSA Class Members report directly or indirectly to both Defendants regarding these processes.

36. Defendants both had the power to hire, fire, and supervise the Plaintiff and the Putative Class Members, and to control their work schedules and conditions of employment, including rates and methods of payment.

37. As a result, both Defendants are responsible, individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this lawsuit.

## CAUSES OF ACTION

### I. FLSA COVERAGE

38. Plaintiff incorporates all previous paragraphs by reference.

39. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY AND OVERTIME EMPLOYEES WHO WORKED FOR ST. DOMINIC'S HEALTH SERVICES, INC. AND/OR FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 11th, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Referred to herein as "FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. At all times hereinafter mentioned, Defendants have been an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), specifically § 203(r)(2)(A), "in connection with the operation of a hospital, an institution primarily engaged in the care of the sick…"

42. At all times hereinafter mentioned, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s) of

the FLSA, 29 U.S.C. § 203(s), specifically § 203(s)(1)(B), "in connection with the operation of a hospital, an institution primarily engaged in the care of the sick…"

43. During the respective periods of Plaintiff and the FLSA Collective Members' employment by the Defendants, these individuals have been engaged in commerce as required by, and within the meaning of, the FLSA and associated legal standards. Further, Plaintiff and the FLSA Collective Members have provided services for the Defendants that involved interstate commerce for the purposes of the FLSA, including performing duties which support functions for instrumentalities of interstate commerce. By way of example, the Defendants are part of a multi-state health care system, the Plaintiff and the FLSA Collective Members treat patients from states outside of the borders of Mississippi and Louisiana, and routinely use and/or handle goods, materials, and supplies that were manufactured beyond the borders of Mississippi and/or Louisiana and/or transported interstate.

44. In violating the FLSA, Defendants acted willfully and without a good faith basis and with reckless disregard for applicable federal law.

45. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above in paragraph 39.

46. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## II. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

### A. Standard and Overtime Wages

47. Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(c) and 206(a).

48. Plaintiff and the members of the FLSA Collective are, or were, "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

49. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

50. 29 U.S.C. § 207 requires Defendants to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over forty in a work week. 29. U.S.C. 207(j), and 29 CFR 778.601 govern the Defendants obligations to pay eligible non-exempt employees overtime under an "8 and 80" system.

51. 29 U.S.C. § 516 requires Defendants to pay all wages due on the regular payday for the pay period covered.

52. Plaintiff and the FLSA Collective are entitled to be paid all compensation for all hours worked on the regular payday for the corresponding pay period, including compensation for regular and overtime wages.

53. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied all forms of wages in accordance with the FLSA and its implementing regulations, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

54. Plaintiff an the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein, though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

B. *Non-discretionary Bonuses*

55. As stated above, the FLSA and its incumbent regulations require Defendants to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over forty in a work week, and to pay overtime to eligible "8 and 80" schedule workers.

56. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty in a work week, or hours in excess of an "8 and 80" schedule.

57. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e).

58. The Supreme Court has held that the term "regular rate" "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)).

59. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. See 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

60. The bonuses that Defendants offer to certain eligible healthcare staff, including the Plaintiff, are non-discretionary and should be included in Plaintiff and FLSA Collective Members' regular rate. These Bonuses are paid as part of Plaintiff's and the FLSA Collective Members' usual wages, are promised to Plaintiff and the FLSA Collective in advance, and are predetermined and based on fixed formulas with defined metrics, causing Plaintiff and FLSA Overtime Collective Members to form a reasonable and definite expectation that they receive the Bonuses.

61. Defendants have denied overtime compensation on the bonuses portion of the hourly wages of members of the FLSA Collective. Defendants' actions violated and continue to violate the FLSA and its implementing regulations.

62. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

63. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA and its implementing regulations, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest,

attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### III.  COLLECTIVE ACTION ALLEGATIONS

64. On information and belief, the FLSA Collectives consists of hundreds of similarly situated non-exempt healthcare employees who are paid on an hourly basis.

65. The vast majority of the members of the FLSA Collectives worked overtime hours regularly during their employment with Defendants.

66. The employees in the FLSA Collectives have been the victims of Defendants' common policies and practices that have violated their rights under the FLSA and its implementing regulations by denying them their properly calculated standard wages, overtime wages, and non-discretionary bonuses.

67. Defendants' unlawful conduct has been willful and has caused significant damage to Plaintiff and the FLSA Collective.

68. The FLSA Collective would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  These employees are known to Defendants and are readily identifiable through Defendants' records.  The employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid the proper wages, overtime, and bonuses.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39, and notice should be promptly sent.

## JURY DEMAND

74. Plaintiff demand a trial by jury on all issues.

## RELIEF SOUGHT

75. Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order permitting this litigation to proceed as a collective action, certifying the FLSA Collective and requiring Defendants to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

b. For an Order approving the form and content of a notice to be promptly sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff all FLSA Collective Members, and for liquidated damages to the fullest extent permitted under the law;

d. For an Order awarding the costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Boswell a service award as permitted by law;

  h. For an Order compelling the accounting of the books and records of Defendants, at the Defendants' own expense; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

  **RESPECTFULLY SUBMITTED,** this the 28th day of February, 2023.

        GLENDA BOSWELL, INDIVIDUALLY
        AND ON BEHALF OF ALL OTHERS
        SIMILARLY SITUATED, PLAINTIFF

    BY: LUNSFORD, BASKIN, & PRIEBE, PLLC

    BY: _/s/ Andrew Rueff_
       ANDREW RUEFF (MSB #103582)
       *Attorney for the Plaintiff*


OF COUNSEL:

LUNSFORD, BASKIN & PRIEBE, PLLC
Lamar Life Building, Suite 600
317 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 983-2667
Facsimile: (601) 983-2076
Email: andrew@lunsfordbaskin.com