IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GLENDA BOSWELL,** *individually and on behalf of all others similarly situated*,

*Plaintiff,*

v.

**ST. DOMINIC HEALTH SERVICES, INC., and FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM, INC.,**

*Defendants.*

CAUSE NO. 3:23-CV-151-CWR-LGI

## ORDER

Before the Court is the Defendants' *Motion to Change Venue*. Docket No. 8. The Plaintiff responded in opposition and the Defendants replied. Docket Nos. 11 and 13. Upon review, the motion will be denied.

**I.    Factual and Procedural History**

Glenda Boswell is a career nurse at St. Dominic Hospital in Jackson, Mississippi. Boswell claims that, at various points in 2021 and 2022, she and other similarly-situated employees were not paid accurate wages or non-discretionary bonuses, despite routinely working at or more than 40 hours per workweek. Docket No. 1 at 2. She brought this collective action against the owners and operators of the Hospital "to recover unpaid wages, including unpaid overtime wages, non-discretionary bonuses, liquidated damages, and

any/all other applicable damages and penalties," pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. *Id*. at 1.

The Defendants generally dispute Boswell's claims, but assert that "this Honorable Court should never reach these substantive issues" because "the proper venue for this action is the Middle District of Louisiana." Docket No. 9 at 1–2. Thus, the Defendants move under 28 U.S.C. § 1404(a) to transfer this action to that District.

## II.     Legal Standard

Federal law authorizes district courts to transfer an action to any other proper judicial district "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The threshold inquiry is whether the suit might have been brought in the proposed transferee venue. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If the case could properly have been brought there, the reviewing court then considers whether the convenience of the parties and the interest of justice militate in favor of transfer. *Id*.

On the convenience and justice prong, the court's analysis is driven by the private and public interest factors that the Supreme Court outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id*. (citation omitted). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with

the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (citation omitted).

If, after weighing the private and public interest factors, the defendant has not shown that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

**III.  Discussion**

On the threshold question, the parties agree that this case could have been properly brought in the Defendants' proposed transferee district, the U.S. District Court for the Middle District of Louisiana. *See* Docket No. 9 at 11; Docket No. 12 at 4. They disagree about whether transferring it there is more convenient and just. In resolving this question, the Court is guided by the private and public interest factors as articulated in *Volkswagen I* and *II*. After reviewing those factors, the Court is not persuaded that the transferee venue is "clearly more convenient" than the present venue for litigating this dispute.

    **A.  The Private Interest Factors Weigh Against Transfer**

        *1.  Ease of Access to Proof*

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. The Defendants argue that this factor favors transfer because "a substantial amount of evidence related to Plaintiff's claims is located in the Middle District of Louisiana." Docket No. 9 at 17. That evidence includes not only the potential witnesses who are employed at the Defendants' headquarters in Baton Rouge, Louisiana, but also "payroll, compensation, and time records as well as relevant policies, procedures, and contracts." *Id.* at 18. The Plaintiff disputes that this factor favors transfer because "virtually

3

all of the evidence in this case will be in the form of information and documents that are both electronically stored and electronically available." Docket No. 12 at 5.

The Court generally agrees that the advancement of technology, including electronic storage of documents and videoconferencing for witness testimony, has made geography less relevant with respect to accessing proof. But, as the Defendants' Reply points out, the Fifth Circuit has directed that those technological advances do not make this factor "superfluous." *Volkswagen II*, 545 F.3d at 316; *see also* Docket No. 13 at 3 (citing cases). The Court's evaluation of this prong, then, is concerned with the "relative ease" of access to sources of proof between the two Districts. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

While the Plaintiff notes that her work was tendered at a hospital in this District, the Defendants persuasively argue that most of the documents and individuals responsible for the policies that prescribe her work are located at the Defendants' headquarters in Baton Rouge, Louisiana. *See, e.g.*, Docket No. 9 at 18; Docket No. 13 at 5. Thus, relative to this District—and without considering the advancements of modern technology—the Middle District of Louisiana offers easier access to the identified sources of proof. This factor weighs slightly in favor of transfer.

### 2.   *Availability of Compulsory Process*

The second private interest factor focuses on the availability of compulsory process to secure the attendance of nonparty witnesses. This factor is concerned with the court's subpoena power under Federal Rule of Civil Procedure 45. Under that Rule, a court cannot compel nonparty witnesses to travel more than 100 miles, unless it is within the same state and will not cause the witnesses to incur substantial travel expenses. *See* Fed. R. Civ. P. 45(c)(1)(A)-(B).

The Defendants argue that they have identified "numerous witnesses" who are subject to the subpoena power of the Middle District of Louisiana, including representatives from relevant third parties. Docket No. 9 at 18. In response, the Plaintiff observes that the Defendants failed to specify which potential witnesses would require compulsory process, and that "quite a few key witnesses [] seem willing to testify," as they "have already provided testimony in written declarations." Docket No. 12 at 7. Because the Defendants have not "alleged or shown that any witness would be unwilling to testify," they cannot prevail on this prong, the Plaintiff argues. *Id.* (quoting *In re Planned Parenthood Fed'n of America*, 52 F.4th 625 (5th Cir. 2022)).

The Plaintiff's arguments are well-taken. The Defendants have not argued that any potential witness would require the court to invoke the subpoena power. *See Planned Parenthood*, 52 F.4th at 630 ("the availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify") (internal citations omitted). This factor weighs against transfer.

### 3. *Cost of Attendance for Witnesses*

The third private interest factor considers the cost of attendance for willing witnesses. *Volkswagen II*, 545 F.3d at 315. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. 371 F.3d at 204-05. That rule provides that "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* When both venues are equally inconvenient, however, "merely shifting inconvenience from one party's witnesses to the other's is insufficient to affect a transfer of

5

venue analysis." *Affinity Labs of Texas v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 858 (E.D. Tex. 2013).

Here, the Defendants argue that the Middle District of Louisiana is a more appropriate venue because "the majority of witnesses with knowledge regarding Plaintiff's claims and allegations in this suit reside [there] or close to it." Docket No. 9 at 17. By contrast, this Court is "approximately 175 miles" from the federal courthouse in Baton Rouge, which tilts this factor towards transfer. The Plaintiff disagrees. As an initial matter, she disputes the contention that "venue must lie in the district where the highest plurality of witnesses[] or potential collective members live." Docket No. 12 at 8. She further argues that if this case were transferred to the Middle District of Louisiana, her "parties, collective members, and witnesses [] would incur burdensome costs in traveling to appear in that venue." Docket No. 12 at 8–9. Thus, the same burden would apply on either side.

The Court notes at the outset that it is not clear whether the "100-mile" rule applies to the District or the actual location where the court sits. Indeed, courts have applied the rule in different ways. *Compare Dong Sik Yoo v. Kook Bin Im*, No. 4:17-CV-446, 2018 WL 549957, at *8 (E.D. Tex. Jan. 24, 2018) (referring to distance between districts) and *Perez v. Genoptix, Inc.*, No. 4:18-cv-309-O, 2018 WL 11436300, at *4 (N.D. Tex. Nov. 6, 2018) (same), *with Bevill v. City of Quitman, Texas*, No. 4:19-cv-406, 2019 WL 6492521, at *7 (E.D. Tex. Dec. 3, 2019) (measuring distance between courthouses). Different answers to this question point in different directions on this prong.

But that unresolved question does not change the inquiry here because the inequities exist on both sides: retaining the case in this District might place some burden on the

6

Defendants, but transferring it places the same burdens on the Plaintiff and her putative collective. Hence, this factor is neutral.

### 4. *Practical Problems Related to Trial*

The final private interest factor considers whether any other practical problems that make trial easy, expeditious, and inexpensive are promoted by transfer. *Volkswagen II*, 545 F.3d at 315. This case is still in the very early stages of litigation. Discovery has not yet begun, and this Court has not considered any of the substantive issues. Therefore, no practical problems exist at this point that make trial more easy, expeditious, or inexpensive in either forum. Accordingly, this factor is also neutral.

The Court next considers the public interest factors.

### B. **The Public Interest Factors**

### 1. *Administrative Difficulties Related to Congestion*

The first public interest factor requires the Court to consider administrative difficulties related to keeping or transferring the case. Under this prong, the court's caseload and "the speed with which a case can come to trial" are relevant factors. *Garrett v. Hanson*, 429 F. Supp. 3d 311, 319 (E.D. Tex. Oct. 27, 2014).

The caseload in this District is substantially less than that in the Middle District of Louisiana. For the reporting period ending on December 31, 2022—the latest period for which we have statistics—the Middle District of Louisiana had a total of 445 active cases per judgeship, while this District only had 320 active cases. Administrative Office of the United States Courts, Federal Court Management Statistics, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2022.pdf (last visited May 11, 2023). That's more cases for fewer active judges.

This District also resolves cases faster. The same statistics show that it takes fewer than 12 months to dispose of a typical case in this District, but about 15 months to do so in the Middle District of Louisiana. *Id.* According to the Defendants' own research, that disparity also exists for cases that go to trial. *See* Docket No. 9 at 21 n.5 (finding that it takes 34.9 months for cases to go to trial in the Middle District of Louisiana, but 32.6 months here). Despite the Defendants' arguments to the contrary, *see* Docket No. 9 at 21 n.5, this factor is not neutral; it supports retaining the case.

### 2. *The Local Interests*

Under the next factor, the Court considers "the local interest in having localized interests decided at home." *Volkswagen II*, 545 F.3d at 315. The Defendants posit that the relevant local interests are those of the managers and supervisors in Baton Rouge, Louisiana, and summarily assert that the "events giving rise to this case both directly and indirectly impact and involve the citizens of Louisiana more than the citizens of Mississippi." Docket No. 9 at 21. But the Plaintiff was employed in this District and seeks compensation for work done in this District. The Plaintiff and many of her putative collective members are citizens of Mississippi and this District. Thus, the citizens of this District have a real interest in the outcome of these issues, such that their serving on a jury in this matter would not constitute a burden. *See Volkswagen I*, 371 F.3d at 205–06.

This factor is, at best, neutral—which is to say it does not "clearly" weigh in favor of transfer.

### 3. *Familiarity with Governing Law & Conflict of Laws*

The remaining public interest factors require the Court to consider which forum would be most familiar with the law governing the case, and whether conflict of laws issues

8

might arise. The parties agree that each of these factors is essentially moot in this case, *see* Docket No. 9 at 21 n.5 and Docket No. 12 at 10, and the Court agrees.

On balance, the private and public interest factors do not support a finding that the transferee venue is "clearly more convenient" that the present one, as required under *Volkswagen II*.

## IV. Conclusion

In sum, the Court finds that the Defendants have failed to demonstrate that convenience and justice require transfer of this case to the United States District Court for the Middle District of Louisiana. Therefore, the Court will respect Boswell's choice of venue, and retain the case. The motion to change venue is **DENIED**.

**SO ORDERED**, this the 17th day of May, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE